DELGADO ET AL., DEMANDANTES Y APELADOS, *v.* DELGADO ET AL., DEMANDADOS Y LECARÓZ ET AL, DEMANDADOS DE EVICCIÓN Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre nulidad de partición de bienes hereditarios. Traslado de causa.

No. 2150.—Resuelto en mayo 24, 1920.

TRASLADO DEL PLEITO—JURISDICCIÓN DE LA CORTE SOBRE LOS DEMANDADOS DE EVICCIÓN.—Si los demandados de evicción ejercitan en debida forma el derecho que les asiste para que el caso sea trasladado a la corte de su residencia donde residen todos los demandados, el traslado no puede ser resistido bajo el fundamento de que la corte había adquirido jurisdicción por el hecho de que uno de los demandados emplazados originalmente hubiera comparecido a solicitar la citación de evicción. La sumisión de un demandado, no es obstáculo para los otros cuando todos residen fuera y el traslado se pide debidamente.

Los hechos están expresados en la opinión.

Abogados de los demandantes-apelados: *Sres. J. y M. Tous Soto.*

Abogado de los demandados-apelados: *Sr. J. D. Rodríguez.*

Abogados de Lecaróz & Cía., citados de evicción y apelantes: *Sres. Largé & Zeno.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta fué una acción sobre nulidad de partición de bienes hereditarios. Había dos primitivos demandados. Uno de ellos Luis Vivó adquirió parte de los bienes hereditarios mediante traspasos sucesivos o adjudicaciones hechas durante o después de la partición. Al establecerse la acción contra él el otro demandado que era uno de los herederos se encontraba al parecer en rebeldía, pero el demandado Luis Vivó una vez que fué demandado citó a los apelantes *Lecaroz et al.,* sus vendedores, para que comparecieran y se defendieran de evicción. Los apelantes al ser citados de tal modo presentaron una excepción previa en la Corte de Distrito de Ponce y solicitaron que el caso fuera trasladado a la Corte de Distrito de Aguadilla donde ellos residen. La moción fué debidamente acompañada de un *affidavit* de méritos.

Aparece que no solo los apelantes sino también los primitivos demandados, todos residen en Aguadilla pero los apelados sostienen que como el demandado Vivó vino a la Corte de Distrito de Ponce a promover la cuestión de evicción y saneamiento, que tal acto ante la corte constituía una comparecencia y sumisión a dicha corte de distrito. Artículos 77, 81-2-3 del Código de Enjuiciamiento Civil.

Ahora bien, aunque puede dudarse si la comparecencia de Luis Vivó hecha meramente para citar a sus vendedores era la comparecencia de que habla el artículo 77 del Código de Enjuiciamiento Civil, sin embargo queda en pie el hecho de que dos de los demandados al comparecer solicitaron debidamente el traslado. El caso de *Royal Bank of Canada* v. *A. McCormick & Company,* 25 D. P. R. 120, es concluyente en cuanto a esta cuestión. En dicho caso resolvimos que cuando todos los demandados residen fuera de la jurisdicción de la corte donde se establece la acción, ésta no puede adquirir jurisdicción por la sumisión de algunos de los demandados si los otros solicitan el traslado.

La resolución apelada debe ser revocada y verificarse el traslado.

*Revocada la orden apelada, disponiéndose el traslado del caso.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.